IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: AMERICAN MEDICAL SYSTEMS, INC.
    PELVIC REPAIR SYSTEM
        PRODUCTS LIABILITY LITIGATION       MDL No. 2325

THIS DOCUMENT RELATES TO:

*Nehls, et al. v. American Medical Systems, Inc.*       Civil Action No. 2:13-cv-21532

## MEMORANDUM OPINION AND ORDER

On November 5-7, 2018, the court conducted a Mandatory Settlement Conference as to the plaintiffs' claims against defendant American Medical Systems, Inc. ("AMS"). When the plaintiffs did not appear in person at the settlement conference as required, by Order entered on December 11, 2018, the court directed the plaintiffs to show cause on or before January 4, 2019, why the case should not be dismissed with prejudice pursuant to Rule 16(f) of the Federal Rules of Civil Procedure [ECF No. 26]. Having failed to show cause, and for the reasons stated below, the court **DISMISSES** this case **WITH PREJUDICE**.

## I. Background

On October 17, 2018, I entered an order directing the plaintiffs to meet and confer with settlement counsel for AMS on or before November 2, 2018, and to engage in good faith discussions about the possibility of settlement. *See* Pretrial Order ("PTO") # 265. Should this case remain unresolved after November 2, 2018, I apprised

the parties in the same PTO, the court would compel their presence in Charleston, West Virginia, at the Robert C. Byrd United States Courthouse for a Mandatory Settlement Conference, which would be confirmed by a later court order. In addition, I warned any failure to comply with PTO # 265 may result in a substantial sanction, including the dismissal of this case with prejudice.

Pursuant to PTO # 265, on November 8, 2018, I directed the parties and their counsel of record to appear in person at the Robert C. Byrd United States Courthouse for a Mandatory Settlement Conference scheduled between December 5-7, 2018. *See* PTO # 268. Again, I warned that any failure to comply with this directive may result in a substantial sanction, including the dismissal of this case with prejudice.

Despite these warnings, the plaintiffs failed to comply with PTO # 265 and PTO # 268, including failing to appear in person at the Mandatory Settlement Conference as directed. Nothing in the record suggests that the plaintiffs believed in good faith that they were relieved from the obligation to engage in good faith settlement discussions with AMS or attend the Mandatory Settlement Conference.

Thereafter, by Order, the court directed the plaintiffs to show cause justifying the failure to comply with PTO # 265 and PTO # 268. In the same Order, I warned for the third time that failure to show cause would result in the dismissal of this case pursuant to Rule 16(f) of the Federal Rules of Civil Procedure with prejudice. Nonetheless, the plaintiffs did not comply with this third and final warning.

## II. Legal Standard

Rule 16(a)(5) of the Federal Rules of Civil Procedure permits the court to issue orders regarding pretrial conferences for the purpose of facilitating settlement. Fed. R. Civ. P. 16(a)(5). Rule 16(f) provides a court may issue any just order, including those authorized by Rule 37(b)(2)(A)(ii)–(vii) if a party fails to appear at a pretrial conference or fails to obey a scheduling or other pretrial order. *Id.* 16(a)(5), (f). Rule 37(b)(2), in turn, sets forth a list of sanctions available when a party fails to comply with a court order, including "dismissing the action or proceeding in whole or in part." *Id.* 37(b)(2)(A)(v). Before levying dismissal or default as a sanction under Rule 37, a court generally must first consider four factors:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagon of America, Inc.*, 561 F.2d 494, 503–04 (4th Cir. 1977), *cert. denied*, 434 U.S. 102 (1978)).

In applying these factors to this case, I must be cognizant of the realities of multidistrict litigation and the unique problems an MDL judge faces. Specifically, when handling six MDLs, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting

3

their individuality"). I must define rules for discovery and settlement conferences and strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1231–32. Pretrial orders—and the parties' compliance with those orders and their deadlines—"are the engine that drives disposition on the merits." *Id.* at 1232. A "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administer the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

## III. Discussion

Together, PTO # 265 and PTO # 268 required the plaintiffs to attend the Mandatory Settlement Conference. Each PTO explicitly stated: "[a]ny plaintiff who fails to comply with this PTO may be subject to a substantial sanction, including

4

dismissal with prejudice." PTO # 265 at 1–2; PTO # 268 at 1–2. Applying the *Wilson* factors to these facts and bearing in mind the unique context of multidistrict litigation, I conclude that sanctions under Rule 37 are justified.

The first factor—bad faith—is difficult to ascertain given that the plaintiffs were not present in court and did not respond to the show cause order entered on December 11, 2018. This court spent considerable resources attempting to notify the plaintiffs of the Mandatory Settlement Conference and provided a recourse to the imposition of sanctions upon a showing of good cause. Nothing in the record suggests that the plaintiffs complied with this directive. Having failed to comply with the court's orders, or respond to the subsequent motion to dismiss, I must weigh the first factor against the plaintiffs.

The second factor—prejudice caused by noncompliance—also leans toward an order for sanctions. The plaintiffs had over one-months' notice of the mandatory settlement conference, yet failed to engage with AMS in good faith settlement negotiations or communicate any inability to attend the Mandatory Settlement Conference before the November 2, 2018 meet and confer deadline. *See* PTO # 265 ¶ 1. AMS having no indication that the plaintiffs would fail to attend, likely spent that time preparing for settlement negotiations. AMS has also expended substantial resources on lawyers, travel and time spent attempting to reach the plaintiffs unsuccessfully. Furthermore, because AMS has had to divert its attention away from responsive plaintiffs, the delay has impacted the progress of the remaining cases in this MDL unfairly.

The adverse effect on the management of the MDL as a whole segues to the third factor: the need to deter this sort of noncompliance. When parties fail to comply with deadlines provided in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. In short, I have had to direct my time and resources to noncompliant plaintiffs at the expense of compliant plaintiffs in this MDL. This cumbersome pattern goes against the purpose of MDL procedure, and I must deter any behavior that would allow it to continue. *See* H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases).

Last, *Wilson*'s fourth factor directs the court to consider the effectiveness of lesser sanctions. In recognition of this duty, the court gave the plaintiffs one final chance to justify their failure to comply with the directives of this court. Having failed to do so – or even respond – the plaintiffs has now blatantly disregarded multiple orders, each warning that a failure to comply may result in the dismissal of this case. In light of the evidence, I find that dismissal is now appropriate, as there is no reason to believe that a lesser sanction would be effective. In sum, the court is left with little alternative.

IV. Conclusion

For the reasons stated above, it is **ORDERED** that this case is **DISMISSED with prejudice** pursuant to Rule 16(f) of the Federal Rules of Civil Procedure for failure to attend the Mandatory Settlement Conference as directed in PTO # 265 and PTO # 268, and for failure to respond to my Show Cause Order as directed. It is

further **ORDERED** that this action is **STRICKEN** from the docket, and any motions pending in this case at this time are **DENIED AS MOOT**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 5, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE